ON RETURN TO REMAND
Heriberto Sosa was indicted for conspiracy to distribute cocaine in violation of § 20-2-163, Code of Alabama 1975, and trafficking in cocaine in violation of § 20-2-80, Code of Alabama 1975. He was found "guilty as charged in the indictment" and sentenced to 15 years in prison for each conviction, the sentences to run concurrently. On the State's motion, we remanded this case and ordered the circuit court to prepare a written order setting forth its findings of fact and reasons for granting a severance of several co-defendants. Ala.R.Crim.P. (Temp.) 15. The appellant raises five issues on appeal.
 I
The appellant contends that the trial court erred to reversal by admitting a search warrant and supporting affidavit into evidence. Although the search warrant and affidavit were inadmissible as primary evidence to establish guilt,Satterwhite v. State, 364 So.2d 359 (Ala. 1978), it is clear from the record that the warrant and affidavit were never read or published to the jury during the trial and were withdrawn from evidence prior to the jury's deliberations. (R. 1136-1138). The jury never heard or saw the objectionable evidence. Thus, any error in the original admission of the warrant and affidavit was harmless. *Page 899 
 II
The appellant contends that the State used its peremptory strikes to remove black jurors from the jury panel in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution and Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The appellant is Hispanic. "In order to establish a case of purposeful discrimination under Batson, the defendant must first show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race." Bui v. State,551 So.2d 1094, 1114 (Ala.Crim.App. 1988), aff'd, 551 So.2d 1125
(Ala. 1989), cert. filed with United States Supreme Court (No. 89-6271, December 12, 1989). See also Pierce v. State,576 So.2d 236 (Ala.Crim.App. 1990). The appellant is Hispanic, not black. He has failed to show that the State exercised its peremptory strikes to remove members of his race from the venire.*
 III
The appellant contends that the trial court erred in charging the jury, "We have a rule of law in this State that says that all witnesses who take the stand in a court of law are presumed under the law to speak the truth." (R. 1115) Initially, we agree that this isolated statement is error, because there is no such presumption in Alabama and such an instruction "is a derogation of the jury's exclusive right to determine the credibility of witnesses." Williams v. State, 520 So.2d 179,181 (Ala.Crim.App. 1987). See also Williams v. State,538 So.2d 1250 (Ala.Crim.App. 1988). Any error, however, is harmless, because the trial court also instructed the jury that if there was a conflict in the testimony which could not be reconciled, it was their duty to determine which witnesses were worthy of belief. They were also instructed that they could accept or reject any part of the testimony of any witness. The jury was also instructed as to the factors to be considered in weighing the testimony of the witnesses. " '[T]he fact that isolated instructions are erroneous or misleading is no ground for reversal where the instructions as a whole present the case properly.' " Williams, 538 So.2d at 1253 (quoting, Harris v.State, 412 So.2d 1278, 1281 (Ala.Crim.App. 1982)). We have carefully reviewed the court's oral charge to the jury in its entirety. We find that any error in the charge was cured by the complete charge and was, therefore, harmless. E.g., Ex parteHolifield, 562 So.2d 254 (Ala. 1990); Weaver v. State,568 So.2d 309 (Ala.Crim.App. 1989); Touart v. State,562 So.2d 625 (Ala.Crim.App. 1989).
 IV
The appellant next contends that the trial court erred in granting a severance of two defendants on the day of the trial. He argues that the severance constituted reversible error because his trial strategy was based on being tried as a co-defendant and not as a sole defendant. The record reveals that one of the co-defendants was severed because he was a witness for the State and had entered into an agreement with the State to plead guilty. (Remand Record p. 3.) The other defendant was severed because she was a witness for the State.
The record reveals that upon the appellant's objection to the severance, the trial court indicated that it would be receptive if a continuance was requested, because it would be the first continuance requested by the appellant. After conferring with the appellant, his attorney informed the court that they would proceed to trial. The appellant was offered additional time to prepare his case as a sole defendant. Thus, we find that he was not prejudiced to reversal by the severance. We also note that a severance is required if any defendant or the State may be prejudiced by a joint trial. Ala.R.Crim.P. (Temp.) 15.4(d). *Page 900 
 V
The appellant finally contends that he was denied a speedy trial. He was apparently arrested and incarcerated on September 9, 1987, and was tried on July 25, 1988. The factors to be weighed in determining whether a defendant was denied a speedy trial are the "[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant." Arnett v. State, 551 So.2d 1158, 1159
(Ala.Crim.App. 1989) (quoting, Barker v. Wingo, 407 U.S. 514, 530,92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972)). An examination of the latter three factors is not required unless the length of the delay is "presumptively prejudicial." Arnett; Wade v.State, 381 So.2d 1057 (Ala.Crim.App.), cert. denied,381 So.2d 1062 (Ala. 1980). We find that the nine-and-a-half-month delay was not presumptively prejudicial. E.g., Mitchell v.State, 530 So.2d 908 (Ala.Crim.App. 1988); Cofer v. State,440 So.2d 1116 (Ala.Crim.App.), rev'd on other grounds,440 So.2d 1121 (Ala. 1983).
We note that the delay was caused by a discovery difficulty and by faulty indictments. Misunderstanding or negligence on the part of the State is weighed less heavily than a deliberate attempt to delay a trial. Arnett; Kimberly v. State,501 So.2d 534 (Ala.Crim.App. 1986). The record does not indicate that the State attempted to delay the trial in bad faith or for an improper purpose. Furthermore, although a State-requested continuance was granted on February 19, 1988, and the case was not reset on the March 21 or March 28 dockets, the appellant did not file his motion for speedy trial until April 6. The appellant has failed to show that he was prejudiced by the delay. Dykes v. State, 452 So.2d 1377 (Ala.Crim.App. 1984);Cofer.
For the reasons set forth above, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur except BOWEN, J., who dissents with opinion.
* Ex parte Bankhead, 585 So.2d 112 (Ala. 1991), fully supports this determination.